IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANE J. LIU, | ) | CIVIL NO. 11-00086 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | PATRICK R. DONAHOE'S MOTION |
| vs. | ) | FOR SUMMARY JUDGMENT |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General, United | ) | |
| States Postal Service | ) | |
| (Pacific Area) Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT
PATRICK R. DONAHOE'S MOTION FOR SUMMARY JUDGMENT

I.     INTRODUCTION.

     On February 3, 2011, pro se Plaintiff Jane J. Liu ("Liu") filed a Complaint asserting age discrimination in violation of the Age Discrimination in Employment Act of 1976. Because Liu fails to establish a prima facie case for age discrimination, this court GRANTS Defendant Patrick R. Donahoe's motion for summary judgment.

II.     BACKGROUND FACTS.

     On September 17, 2007, Liu applied for work at the United States Postal Service's Honolulu Processing and Distribution Center ("Center") as a seasonal mail handler. See ECF No. 21, Ex. 1 (Liu's application); Affidavit of Jane J. Liu ("Liu Aff.") ¶ 5, ECF No. 21-1. Question 7a of the application form asked, "Have you ever been convicted of a crime or are you now under charges for any offense against the law?

. . . All felony and misdemeanor convictions and all convictions in state and federal courts are criminal convictions and must be disclosed." See ECF No. 21, Ex. 1. Liu answered "No" to the question. See id.

Rodney Aihara assisted in the prescreening of applications and the hiring of the seasonal mail handler for the Center. See Affidavit of Rodney Aihara ("Aihara Aff.") ¶¶ 1, 5, ECF No. 21-2. On December 27, 2007, Aihara informed Liu that she was not being hired because her Hawaii Criminal Justice Center record showed a disorderly conduct violation and a harassment petty misdemeanor. See Aihara Aff. ¶¶ 7, 9; Liu Aff. ¶¶ 6-7; see also ECF No. 21, Ex. 2 (copy of Liu's criminal history). Liu had been found guilty of disorderly conduct in 2007 and of harassment in 1986. See ECF No. 21, Ex. 2. Liu's harassment conviction was affirmed in 2004. See id. Aihara explained to Liu that the Center received around 2,000 applications and did not consider any applicant with a criminal record. See Aihara Aff. ¶ 9; Liu Aff. ¶ 6. Aihara stated that the United States Postal Service ("USPS") has a "zero tolerance policy for violence" and that Liu "may not qualify for future employment for not being truthful and her listed criminal history." Aihara Aff. ¶ 9.

Liu "admitted to the disorderly conduct charge which was not listed on the application." Id. However, Liu claims that she did not report these charges on her application because

she was appealing them at the time and the charges were not job-related. See Liu Aff. ¶ 6. She adds that, in 2004, she was a seasonal hire at the Center despite her criminal charge because she says it had "nothing to do with postal service employment." See ECF No. 23, Ex. 2 at 2 (Interrogatory No. 5).

On January 25, 2008, Liu filed a complaint with the Federal Equal Employment Opportunity Commission ("EEOC") regarding the Center's allegedly discriminatory conduct. See ECF No. 1-2; Liu Aff. ¶ 12. On September 24, 2008, approximately ten months after Liu was not hired, Liu's 2007 conviction for disorderly conduct was reversed. See State v. Liu, 118 Haw. 424, 192 P.3d 613, 2008 WL 4336003 (Haw. App. Sept. 24, 2008).

According to an EEOC document that Liu attached to her Complaint, the EEOC Administrative Judge ("AJ") found on March 26, 2010, that Liu had failed to present any evidence of age discrimination and that Liu had not been chosen for the position because she had been convicted of two misdemeanors. See ECF No. 1-2. Moreover, the AJ noted that the Center had hired at least four individuals who were similar in age to Liu. See id. On January 11, 2011, the EEOC denied Liu's motion for reconsideration. See id.

On February 3, 2011, Liu filed her Complaint in this court alleging age discrimination against USPS Postmaster General Patrick R. Donahoe ("Donahoe"). See ECF No. 1. She claims that

3

the Center did not hire her because she was over 40 years old, and then used her allegedly false charges to screen out her application.  See Compl. ¶ 5.  When Liu applied for the job in 2007, she was 67 years old.  See Liu Aff. ¶ 3.  USPS personnel records indicate that the Center hired at least four seasonal workers in 2007 who were 63 or older, including one who was older than Liu.  These four workers were Patrick Carreira, born in 1942, see ECF No. 21, Ex. 3; Leila Tam-Alu, born in 1940, see ECF No. 21, Ex. 4; Frederick Takeshita, born in 1938, see ECF No. 21, Ex. 5; and Roberta Chavez, born in 1944, see ECF No. 21, Ex. 6.

On June 17, 2011, Donahoe filed the present motion for summary judgment.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

III.    STANDARD OF REVIEW.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of

4

material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. Catrett, 477 U.S. 317, 323 (1986)); accord Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006). "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987. When the moving party bears the burden of proof at trial, that party must satisfy its burden with respect to the motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were to go uncontroverted at trial. Id. (quoting C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000)). By contrast, when the nonmoving party bears the burden of proof on one or more issues at trial, the party moving for summary judgment may satisfy its burden with respect to those issues by pointing out to the court an absence of evidence from the nonmoving party. Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Id. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. See Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999). On a summary judgment

5

motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

Summary judgment may also be appropriate when a mixed question of fact and law involves undisputed underlying facts. See EEOC v. UPS, 424 F.3d 1060, 1068 (9th Cir. 2005); Colacurcio v. City of Kent, 163 F.3d 545, 549 (9th Cir. 1998).

IV. ANALYSIS.

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] . . . because of such individual's age." Id. at §§ 623(a), 631(a). When challenging an adverse employment action under the ADEA, an employee may proceed under two theories of liability: disparate treatment or disparate impact. See Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 811 (9th Cir. 2004); Pottenger v. Potlatch Corp., 329 F.3d 740, 745, 749 (9th Cir. 2003).

A. Disparate Treatment Liability

There is a three-part framework for analyzing an employee's claim of disparate treatment based on age. First, the employee must make out a prima facie showing that the employee was a victim of age discrimination. Coleman v. Quaker Oats Co.,

232 F.3d 1271, 1281 (9th Cir. 2000); Nidds v. Schindler Elevator Corp., 113 F.3d 912 (9th Cir. 1996). To determine whether a claimant who is already employed establishes a prima facie case of age discrimination, a court examines whether:

> (1) at the time of the adverse employment action, the employee was 40 years of age or older; (2) some adverse employment action was taken against the employee; (3) at the time of the adverse action, the employee was satisfactorily performing his or her job; and, (4) the employee was replaced in his or her position by a significantly younger person with equal or inferior qualifications.

Becka v. APCOA/Standard Parking, 146 F. Supp. 2d 1109, 1110 (C.D. Cal. 2001). See also Coleman, 232 F.3d at 1281 ("the employees must demonstrate that they were (1) members of the protected class (at least age 40); (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications.") (citation omitted). For a job applicant, the analogous third factor involves being qualified for the job, and the fourth factor involves selection of a younger, less qualified applicant (rather than replacement).

If the employee makes a prima facie showing, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its action. Id. Finally, if the employer has a legitimate explanation, the employee must be given a full and fair opportunity to demonstrate by competent evidence

7

that the reasons articulated by the employer are in fact a pretext or a coverup for its discriminatory decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) (analyzing Title VII claims); Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) ("We evaluate ADEA claims that are based on circumstantial evidence of discrimination by using the three-stage burden-shifting framework laid out in McDonnell Douglas"); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994) (noting that the burdens of proof and persuasion are identical under Title VII and the ADEA); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir. 1990) ("The shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under [the] ADEA").

Liu fails to establish a prima facie case for age discrimination, as she cannot demonstrate the required third and fourth elements. Liu can satisfy the first two elements because (1) she was 67 years old at the time of the adverse employment action, and (2) she suffered adverse employment action in not being offered the seasonal hire position. But Liu fails to satisfy the third prong because she cannot show that she was qualified for the position she sought. When the Center was considering her application, Liu had a criminal record that included a disorderly conduct conviction. See Aihara Aff. ¶ 9. The Center has a strict policy of not considering any applicant

8

with a criminal record.  See id.; see also Liu Aff. ¶ 7 ("Any applicant that had any type of criminal records was not contacted.").  Although Liu's conviction for disorderly conduct was subsequently overturned, the reversal occurred ten months after the Center decided not to hire Liu.  In other words, Liu's conviction was still in effect in November 2007, when the Center was considering her application.[1]

Liu also fails to satisfy the fourth element because she cannot demonstrate that she was replaced by a younger worker.  In 2007, the Center hired several applicants near Liu's age, including one who was 69 years old.  See ECF No. 21, Exs. 3-6.  In fact, Liu concedes that she has no evidence that the Center hired a younger worker.  See ECF No. 23, Ex. 2 at 5 (response to Interrogatory No. 18) ("I know no other name of any one who was treated more favorably than I was treated.").  Aihara adds that

---

[1] This court notes that discrimination on the basis of arrests or convictions would violate Hawaii Revised Statutes § 378-2.  Liu, however, neither claims a violation of that statute nor asserts that, notwithstanding the Supremacy Clause in the Constitution, Hawaii state discrimination law somehow applies to the federal government.  In fact, other jurisdictions have held that state discrimination statutes are inapplicable even to private employers when on federal enclaves.  See, e.g., Stuckstede v. NJVC LLC, 2010 WL 234953, at * 1 (E.D. Mo. 2010); Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1148-49 (S.D. Cal. 2007); Sundaram v. Brookhaven Nat. Labs., 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006) ("The [federal enclave] doctrine has been applied uniformly to bar the application of state law, including state discrimination statutes, with respect to activities conducted by private employers on federal enclaves.").

9

Liu's age was "not a factor except for meeting the minimum age requirements for employment."  See Aihara Aff. ¶ 11.  In her Opposition, Liu claims that demonstrating the fourth element of a prima facie age discrimination claim is "absurd" and that the four older, hired workers cannot be used as a relevant sample to prove age discrimination.  See Opp'n at 5, ECF No. 23.[2]  This court disagrees.  Liu does not demonstrate that she was either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances giving rise to an inference of age discrimination.  See Diaz, 521 F.3d at 1207.  As Liu does not make out a prima facie case of discrimination, the court GRANTS summary judgment to Defendant.

The court additionally notes that even if Liu could establish a prima facie case for age discrimination, the Center has put forth a nondiscriminatory reason for not hiring Liu.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002).  An employee's failure to report a criminal conviction is a legitimate, nondiscriminatory explanation for not offering employment.  Once the Center carries its burden of

---

[2] Liu repeats these exact arguments in "Plaintiff's Further Statement Responding to Reply Memorandum Dated 07/18/2011." See ECF No. 26 ("It is . . . absurd . . . that Liu must show her being replaced by a substantially younger applicant."). Liu did not obtain leave of court to file such further briefing, as required by Local Rule 7.4. Given Liu's pro se status, the court will overlook this deficiency but Liu is reminded to follow all Local Rules in the future.

10

setting forth a valid, nondiscriminatory reason, Liu must demonstrate through admissible evidence that the reasons articulated by the employer are in fact a pretext or a coverup for its discriminatory decision. See Nidds, 113 F.3d at 918. Liu presents no such evidence. See Coleman, 232 F.3d at 1281.

    B.   Disparate Impact Liability

Because Liu did not plead a disparate impact theory of liability in her Complaint, the court need not address that theory. See id. at 1291; Klein v. Boeing Co., 847 F. Supp. 838, 844 (W.D. Wash. 1994) (plaintiff "never asserted this [disparate impact discrimination] claim prior to his opposition to Boeing's motion for summary judgment, nor has he moved to amend his complaint to add such a claim. Thus, this claim is not properly before the court."). Even if the court analyzes the disparate impact theory, Liu does not prevail[3]

A disparate impact claim challenges employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Pottenger, 329 F.3d at 749 (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15, 97 S. Ct. 1843, 52 L. Ed.

---

[3] The Ninth Circuit has yet to decide whether both disparate impact and disparate treatment liability must be alleged in the complaint to provide the basis for later trial or summary judgment. Coleman, 232 F.3d at 1291.

11

2d 396 (1977)).  To establish a prima facie case of age discrimination on the basis of disparate impact under the ADEA, a plaintiff must demonstrate: (1) the occurrence of certain outwardly neutral employment practices and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices. Pottenger, 329 F.3d at 749 (quoting Katz v. Regents of the Univ. of Cal., 229 F.3d 831, 835 (9th Cir. 2000)).

"A disparate impact claim must challenge a specific business practice."  Pottenger, 329 F.3d at 749.  The court discerns no specific age-related practice in the record that might have been relevant to Liu.  As such a practice is a threshold element of a prima facie case, Donahoe is entitled to summary judgment on any disparate impact claim.

V.      CONCLUSION.

For the foregoing reasons, the court GRANTS Defendant's motion for summary judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Liu v. Donahoe, Civ. No. 11-00086 SOM/KSC; ORDER GRANTING DEFENDANT PATRICK R. DONAHOE'S MOTION FOR SUMMARY JUDGMENT.

13